P-ER CURIAM.
On Tuesday -Oct. 2, 1951, the Republican-State Central Committee of Louisiana met,, and called a primary election throughout the State of Louisiana, to be held on Jan. 15,. 1952, to nominate candidates for the Offices-of Governor, and other State Officers, and also for membership on the State Central-Committee.
On October 22, 1951 the Committee reconvened and after canvassing the filing o£ *249 notification of candidacy, certified to the Secretary of State the name of Harrison G. Bagwell, candidate for Governor, as having been declared nominated, without the necessity of having his name printed on the ballot or being voted upon in the primary, as he was unopposed; and the State Central Committee likewise certified the names of forty-six persons from Parishes throughout the State and from Wards in the Parish of Orleans as having been elected to membership on the State Central Committee without the necessity of having their names printed on the ballot, because they were likewise unopposed. The Committee at this same Session certified to the Secretary of State the names of Mrs. Violet B. Allen and Mrs. Mary 'M. Veith as opposing candidates for the office of Lieutenant Governor, as well as the names of a number of others opposing each other in Orleans and other Parishes in the State, at the Primary Election to be held on Jan. 15, 1952.
The Secretary of State questioning the advisability of incurring the expense of having ballots printed for the entire State, due to information that there was no Republican Parish Executive Committee in any Parish of the State other than Orleans, called upon the Attorney General of Louisiana for an opinion as to whether he was legally required to incur the expense of ballots and other supplies for the Primary Election, called by the Republican State Central Committee to be held throughout the State, and upon advice and consultation with that Department finally restricted the printing of the ballots for all Precincts of the Parish of Orleans where there was one registered Republican voter or more.
On Jan. 30, 1952, the Republican State Central Committee met at Baton Rouge in the State Capitol, on call, to promulgate the election returns, and adopted a resolution declaring illegal, null, void and of no effect the Primary Election held in the Parish of Orleans, and directed the Chairman of the Committee to certify to the Hon. Wade O. Martin, Jr., Secretary of State, that no legal election was held by the Republican Party of Orleans Parish on Jan. 15, 1952, as a result of which any returns could be legally certified to him disclosing the nomination of any Republican candidate for ¡State Office, or any election to membership on the Committee, or election to membership on the Orleans Parish Republican Committee.
After the adoption of the foregoing resolution the Chairman read to the Committee the names of the newly elected members certified to the Secretary of State as having been declared elected without opposition as a result of the Committee meeting held on Oct. 22, and announced that pursuant to the call previously issued, the newly elected members would meet at 2:30 o’clock in the Court of Appeal Chamber, in the State Capitol Building at Baton Rouge. The Committee then adjourned sine die.
At 2:30 on the same day the members of the alleged new Committee met pursuant to the call, and after attending to perfunctory duties, adjourned.
As a result of the foregoing, the plaintiffs in this suit seek a Writ of Mandamus requiring the Committee to promulgate the results of said election in accordance with the provisions of LSA-R.S. 18:292, which provides:
“Not later than fifteen days after their election the members of the state central committee shall meet at the capitol, in the City of Baton 'Rouge, at 2:30 P.M., and organize.
“Upon the promulgation of the results of an election of state central committeemen, the previous state central committee ceases to exist.”
Exceptions to Citation of Service, Jurisdiction ratione materhe, and no cause of action as well as no right of action were filed by the defendant, and with full reservation thereof, answer was filed alleging that the election was illegal, null and void, and that therefore the Committee was within its legal rights in refusing to promulgate the results of same.
On the 15th day of February, judgment was rendered by the District Court overruling the exceptions above referred to, and decreeing that the rule previously issued herein be made absolute, and that a Writ of Mandamus issue ordering and di *250 recting said Committee through its Chairman to promuigate the election returns of the Republican Party called by the said Committee for the 15th day of January, 1952, and to certify the name of the party nominee for Lieutenant Governor and the names of the elected members of the Republican State Central Committee from their respective Wards in the City of Orleans.
From this judgment an appeal was taken to the Supreme Court of the State, which declined jurisdiction in the matter, and transferred the appeal to this Court.
Exception to Citation and Service.
It is shown that N. Bryant James was the Chairman of both the old and the alleged new Committee. The Republican State Central Committee was cited through its Chairman N. Bryant James, and the petition herein served upon him. Respondents except to this service and citation for the reason that the petition and prayer do not distinguish between the old and the alleged new Committees. The allegations of the petition clearly show that the complaint is based upon the alleged failure of the old Committee to promulgate the returns of the election, and, therefore, we find no .merit in the exception, as the proper Committee was served.
Exception to the Jurisdiction.
In so far as the exception to the jurisdiction is concerned, the answer to the question is covered in LSA-R.S. 18:381, which provides as follows: “Unless otherwise provided in this Part, the courts of this state may issue writs of injunction or mandamus or any other remedial writ to enforce any provisions of this Part. Any candidate may appeal to the courts for the enforcement of any provisions of this Part. All proceedings to enforce the provisions of this Part shall be summary and shall be tried by preference and before any other proceedings.”
Exceptions of No Cause or Right of Action.
As to the exception of no cause of action, the petition in our opinion does set forth a cause of action in that it alleges that the Committee failed to promulgate the returns of the election and at the same meeting declared the election held to be null and void.
As to the right of action the petition clearly sets forth that Relators were candidates for their respective offices at the election held on Jan. 15, 1952, and that as a consequence of said election returns •by the Commissioners, as shown by a certified copy of the official promulgation thereof by the Secretary of State, each of the petitioners was duly elected to membership on the Republican State Central Committee of Louisiana, and that Mrs. Violet B. Allen was the nominee of said party for the Office of Lieutenant Governor.
In supplemental brief and argument respondents further contend that the petitioners have failed to show a right of action in that there is no proof that they are duly registered and qualified electors of the Republican party. In answer, we find in the record Exceptor 1 — which is a true and correct photostatic copy of the certification of the minutes of the Republican State Central Committee held of date Oct. 22, 1951, which clearly shows that all of the Relators are duly qualified electors and members of the Republican party. There is no merit in this contention.
We find no error in the lower Court’s ruling on the exceptions.